# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS



# DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS

# 20 August 2013

This book of disciplinary rules and procedures constitutes clear and proper notice of same for each offender sentenced to the Department of Public Safety and Corrections.

It is the policy of the Louisiana Department of Public Safety and Corrections to operate a swift and fair disciplinary process that follows constitutional and statutory standards. The *Disciplinary Rules and Procedures for Adult Offenders* establishes a uniform offender disciplinary process that:

>   Maintains order and control of institutional safety;

>   Ensures offenders are disciplined fairly;

>   Ensures constitutional rights are protected;

>   Modifies offender behavior in a positive manner; and

>   Maintains an official record of an offender's disciplinary history.

The *Disciplinary Rules and Procedures for Adult Offenders* provides structure and organization for the prisons and a framework within which the offender population can expect the disciplinary system to function. All offenders sentenced to the custody of the Department of Public Safety and Corrections, regardless of their housing facility, shall be placed on notice as to the requirements of the *Disciplinary Rules and Procedures for Adult Offenders* by being provided with a copy of the rulebook. All offenders shall be required to sign for the receipt of the rulebook and the signed receipt shall be filed in the offender's Master Record.

The Secretary of the Department of Public Safety and Corrections has sole authority to change these rules, regulations and procedures. Utilization of these procedures does not constitute the granting of any enforceable right or privilege to any offender.

There are certain classifications or other actions which may be taken that affect an offender's custody status, job classification, housing assignment, institutional assignment and/or ability to participate in institutional programs or activities for which an offender may expect change during the course of his incarceration. Such changes may result from classification decision-making, the imposition of disciplinary penalties or to promote legitimate institutional goals and/or security. Such changes may not be disciplinary penalties in and of themselves. These and any similar changes which result from the action of other department regulations and institutional policies are not considered penalties in the context of the disciplinary process.

In the event of a genuine emergency, such as a serious disturbance disrupting normal operations or a natural disaster, the Secretary or designee may suspend any and all disciplinary rules and procedures for the duration of the emergency. Full hearings must be held within a reasonable time after the end of the emergency for those offenders who were subjected to loss of good time or failure to earn incentive wages.

# TABLE OF CONTENTS

**CHAPTER**                                                                          **PAGE**

CHAPTER 1 - DEFINITIONS                                                                    3

CHAPTER 2 - DISCIPLINARY PROCEDURES                                                        4

CHAPTER 3 - DISCIPLINARY HEARINGS AND SANCTIONS                                            7

CHAPTER 4 – APPEALS                                                                       13

CHAPTER 5 - OFFENDER RULES AND VIOLATION DESCRIPTIONS                                      16

CHAPTER 6 - OFFENDER RIGHTS AND RESPONSIBILITES                                            27

CHAPTER 7 - DISCIPLINARY SANCTIONS                                                         28

This book rescinds and supersedes the "Disciplinary Rules and Procedures for Adult Offenders" dated August 2008 (and any subsequent revisions) and appeal decisions rendered pursuant to those rules and procedures.

# CHAPTER 1

## DEFINITIONS

**Classification:** A process for determining the needs and requirements of those for whom confinement has been ordered and for assigning offenders to housing units, work assignments and programs according to their needs and existing resources. Classification actions, even if resulting from an incident handled in the disciplinary process, are not disciplinary sanctions.

**Confidential Informant:** Person whose identity is not revealed to the accused offender but who provides an employee(s) with information concerning misbehavior or planned misbehavior.

**Custody Levels:** See Department Regulation No. B-02-019 "Custody Levels" for information regarding the various custody levels and status review procedures.

**Extra Duty:** Work to be performed in addition to an offender's regular job assignment as specified by the proper institutional authority. This work is performed without the benefit of incentive wages.

**Incentive Pay:** Compensation paid to an offender in the physical custody of the Department and who is eligible to receive incentive wages and who has performed satisfactory work in the compensation grade in which he has been classified. (Refer to Department Regulation No. B-09-001 "Offender Incentive Pay and Other Wage Compensation").

**Posted Policy:** Policy memoranda detailing what behavior is required or forbidden of offenders and generally reflecting the individual needs of the facility. Posted policies must be distributed and posted in such a manner that offenders are placed on notice as to what behavior is required or forbidden and that sanctions may be imposed should the policy be violated. (Refer to Department Regulation No. C-01-006 "Institutional Policies/Procedures and Offender Posted Policies").

**Prison Rape Elimination Act of 2003 ("PREA"):** A federal law enacted to establish a zero-tolerance standard for the incidence of sexual assault within an institutional setting. (Refer to Chapter 5 "Offender Rules" (Rule No. 21.) and Department Regulation No. C-01-022 "Prison Rape Elimination Act" for additional information).

**Sanction:** A disciplinary penalty.

Note: The pronouns "he" and "his" as used herein are for convenience only and are not intended to discriminate against female employees or offenders. Additionally, "employee" as used herein refers not only to an employee of the Department of Public Safety and Corrections, but also to any individual having the authority to exercise supervision over an offender.

**PAGE 3**

## CHAPTER 2

## DISCIPLINARY PROCEDURES

This rulebook contains the disciplinary rules and procedures for offenders remanded to the state's custody. All offenders are required to obey the rules and regulations. The following outlines the procedures that shall be followed when an offender violates a rule.

**1.    General Procedures**

**A.    Reporting Infractions**

1)    When an employee witnesses or has knowledge of any act by an offender that is in violation of the rules and/or posted policies, the employee shall first attempt, if appropriate, to resolve the matter informally. If the violation is observed or brought to the attention of a contract employee, volunteer or institutional visitor, the incident shall be reported to an employee by the person observing or with knowledge of the behavior. Informal resolution may include counseling, verbal reprimand, or the giving of an instruction, warning, or order. Informal resolution is not appropriate for any offense that poses a risk to the security of the institution (such as solicitation of staff to violate a rule or policy, an attempt to establish an inappropriate relationship or possession of contraband).

a.    If the incident cannot or may not be resolved informally, the employee shall complete a Disciplinary Report (Form B-05-001-A) formally charging the offender with violating a rule (Refer to Chapter 5 "Offender Rules" for additional information).

b.    The report shall be written by the employee who has reason to believe that an offender has violated, attempted to violate or conspired to violate one or more disciplinary rules.

i.    An offender who intentionally attempts to violate a disciplinary rule, even if he is unsuccessful, may receive a Disciplinary Report for attempting to break that rule.

ii.    When two or more persons working in combination for the specific purpose of violating any disciplinary rule may receive a Disciplinary Report for conspiring to break that rule.

iii.    The description of an incident may include more than one separate and distinct rule violation. It is appropriate to include more than one rule violation on a single Disciplinary Report (Form B-05-001-A).

**PAGE 4**

    c.    The Disciplinary Report shall include the following information:

        i.    The accused offender's name, DOC number, housing and job assignment; the reporting officer's name and title; the offense number; the date and approximate time of the offense; and a description of the facts of the offense.

        ii.    The description of the facts of the offense shall include the name(s) of all the witnesses, the location of the incident and a full statement of the facts underlying the charges.

        iii.    A description of any unusual offender behavior, any physical evidence and its disposition, and any immediate action taken, including the use of force.

2)    Upon completion of the Disciplinary Report (Form B-05-001-A), the supervisor shall review the information and forward the report and any supporting documentation to the disciplinary office or designated depository for processing.

3)    If an offender's continued presence in the general population poses a threat to life, property, self, staff or other offenders, or to the security or orderly operation of the institution, or who is the subject of an investigation, may (with the approval of the highest ranking supervisor on duty in the unit where the incident occurred or the shift supervisor) be placed in Administrative Segregation until his appearance before the Disciplinary Officer/Disciplinary Board or Classification Board.

4)    In instances when an offender is placed in Administrative Segregation for disciplinary purposes, the supervisor will conduct a review of the documentation to ensure it is complete and correct and, as needed, investigate to confirm the reasonableness of the allegation or circumstances prompting the assignment. This shall be done prior to the conclusion of the supervisor's tour of duty.

5)    Time spent in Administrative Segregation for the offense for which the offender was placed in Administrative Segregation must be credited against Disciplinary Detention or Extra Duty sentences even when these sanctions are suspended. Credit will not be given for time spent in Administrative Segregation based upon a request for protection or while an offender is awaiting transfer to another area.

**(This page supersedes Page 5 dated 20 August 2013 and is effective 05 February 2014.)**

**PAGE 5**

6)      An appropriate review board should review the status of offenders who are in Administrative Segregation at least every seven days for the first two months and every 30 days thereafter.

**B.**     **Notice of Disciplinary Report**

1)      Offenders shall be served (usually by a correctional officer) with notice of charges at least 24 hours prior to the hearing.

2)      Confirmation that the offender was advised of the charges shall be noted on the original of the Disciplinary Report (Form B-05-001-A) by evidence of the offender's signature.

3)      If the offender refuses to sign the Disciplinary Report (Form B-05-001-A), the delivering officer shall note the refusal in the offender signature block and initial the box.

**2.**     **Counsel and Counsel Substitutes**

A.     Counsel is an attorney-at-law of the offender's choice who has been retained by the offender.

B.     Counsel Substitutes are persons not admitted to the practice of law, but offenders who aid and assist, without cost or fee, an accused offender in the preparation and presentation of his defense and/or appeal.

C.     Counsel Substitutes are only those offenders appointed by the Warden or designee to assist other offenders with their legal claims, including but not limited to, assistance with filing of Administrative Remedy Procedure Requests, Disciplinary Board Appeals and Lost Property Claims. Counsel Substitutes are not required to file disciplinary appeals but should inform the offender who wants to appeal of the proper way to file. They may be removed from their positions if the Warden or designee believes it appropriate. Offenders who are not Counsel Substitutes may not provide services to other offenders without the approval of the Warden or designee.

**(This page supersedes Page 6 dated 20 August 2013 and is effective 05 February 2014.)**

**PAGE 6**

**CHAPTER 3**

**DISCIPLINARY HEARINGS AND SANCTIONS**

1.    **Hearing Procedure**

A.    Hearings are designed to provide a fair and impartial review conducted by a Disciplinary Officer or Disciplinary Board to determine if a rule infraction(s) occurred, if the charged offender is guilty or not guilty of the charge(s) and, if guilty, the appropriate sanction(s).

B.    An investigation report may be submitted to the Disciplinary Board detailing the facts uncovered in an investigation.  If the investigation report is used as evidence in the hearing, a copy of the report must be maintained in the administrative record.  In the alternative, the investigator may be called as a witness to present testimony.

2.    **Disciplinary Officer (Low Court Hearing)**

A.    A hearing conducted by a ranking security officer (Lieutenant or above) or any supervisory level employee from administration or treatment appointed by the Warden or designee who conducts hearings of minor violations (Schedule A) and who may impose only designated sanctions.

B.    Any Disciplinary Officer directly involved in the incident or one who is biased for or against the accused cannot hear the case unless the accused waives recusal in writing.  (Performance of a routine administrative duty does not necessarily constitute "direct involvement" or "bias").

C.    At these hearings, the accused offender represents himself and is given full opportunity to speak in his own behalf.

D.    Counsel Substitutes, witnesses or the accusing employee are not permitted in the hearing.

E.    Low Court hearings are not recorded.

F.    Hearings shall be held within seven days of the date of the report, excluding weekends and holidays, unless the hearing is prevented by exceptional circumstances, unavoidable delays or reasonable postponements.  Reasons for all delays should be documented.

3.  **Disciplinary Board (High Court Hearing)**

    A.  If the offender will be transferred to a state correctional facility from a local jail facility for the purpose of conducting the hearing, the offender must be brought before the Disciplinary Board of the local jail facility where the violation(s) occurred and informed of the pending transfer and necessitated delay of the hearing. The date the notice was given to the offender shall be documented on the Disciplinary Report (Form B-05-001-A).

    B.  A properly composed board will consist of two people--a duly authorized and trained Chairman and a duly authorized and trained Member--each representing a different discipline (security, administration or treatment). The Secretary or designee must approve the Chairman and the Warden or designee must approve the Member.

    C.  "72 Hour Rule"

        1)  Any offender who is placed in Administrative Segregation for a rule violation must be given a disciplinary hearing within 72 hours of being placed in Administrative Segregation. Official holidays, weekends, genuine emergencies and good faith efforts by the administration to provide a timely hearing are the only exceptions. The offender must be heard at the next available court date. When it is not possible to provide a full hearing within 72 hours of placement in Administrative Segregation, the accused must be brought before the Disciplinary Board, informed of the reasons for the delay and remanded back to Administrative Segregation or released to his quarters after a date for a full hearing has been set.

        2)  The "72 Hour Rule" does not apply to offenders housed in local jail facilities (including transitional work programs) whose hearings are conducted once they are transferred to a state correctional facility or those who have their disciplinary hearing conducted at a state correctional facility even if they are not transferred there. Offenders in this status have no expectation of a disciplinary hearing within 72 hours, or even seven days.

        3)  The "72 Hour Rule" does not apply to those offenders who are placed in Administrative Segregation for reasons other than for a disciplinary hearing. Examples of these classifications include, but are not limited to, awaiting transfer to another facility or another housing unit within the facility, transitional work program or intake, etc.

**(This page supersedes Page 8 dated 20 August 2013 and is effective 05 February 2014.)**

**PAGE 8**

D.      Hearings for those offenders not placed in Administrative Segregation shall be held within seven days of the date of the report, excluding weekends and holidays, unless the hearing is prevented by exceptional circumstances, unavoidable delays or reasonable postponements.  Reasons for all delays should be documented.  Any Member directly involved in the incident or one who is biased for or against the accused cannot hear the case unless the accused waives recusal in writing or verbally on the record.  (Performance of routine administrative duty does not necessarily constitute "direct involvement" or "bias").

**PAGE 8-A**

E.   Decisions must be unanimous, with each Member participating in the deliberations. If the decision is not unanimous, the case is automatically deferred for referral to a different Disciplinary Board.

F.   If a second decision is not unanimous, then a finding of Not Guilty is appropriate.

G.   The Disciplinary Board may also hear cases of offenders who have signed written requests for protection and may recommend appropriate action.

4.   **Conduct of the Hearing - Disciplinary Board (High Court Hearing):**

A.   Before the hearing can begin, an accused offender must acknowledge that he is familiar with the offender rights during the disciplinary process (Refer to Chapter 6 "Offender Rights and Responsibilities" for additional information).

B.   All rights and procedural requirements must be followed unless waived by the accused.

C.   Disciplinary Board hearings shall be recorded in their entirety and the recording preserved for five years.

D.   An offender who does not choose to be present at the hearing may sign a waiver which shall be read into the record. A Counsel Substitute shall represent him and enter a not guilty plea. The same applies to a disruptive offender who refuses to cooperate. If the offender refuses to sign a waiver, one shall be prepared and the refusal noted by two witnesses. In either case, the Disciplinary Chairman shall also sign the waiver.

E.   The accused enters his name and DOC number into the record as does his Counsel or Counsel Substitute (if any) and confirms that he understands his rights. If the offender indicates he does not know or understand his rights, they must be explained to him.

F.   The Chairman reads the Disciplinary Report to the accused and asks for a plea. Available pleas are "Not Guilty" or "Guilty." Should the accused attempt to enter an unavailable plea or refuse to enter a plea, the Chairman will enter a Not Guilty plea for him and proceed with the hearing.

G.   Preliminary motions must be raised at the first opportunity or be considered waived and may include:

1)   Dismissal of the charge(s);

**PAGE 9**

2)  Continuance; (Offenders are not entitled to a continuance to secure Counsel unless they are charged with a violation that is also a crime under state law. Only one continuance will be granted unless new information is produced);

3)  Requests to face accuser and call witnesses, etc.;

4)  A motion due to lack of 24-hour notice, including any challenge to the waiver of the 24-hour notice rule having not been made in writing;

5)  Request for investigation;

6)  Any other appropriate motions.

H.  All motions must be made at the same time in the proceedings. Subsequent verbal motions will be denied as having been waived.

I.  The Board shall deliberate and rule on motions at the time the motion is made, unless expressly deferred to the actual hearing.

J.  A summary of motions presented will be documented with written reasons for each ruling made on the Disciplinary Court Motions (Form B-05-001-B). (Form B-05-001-B is available from institutional classification or security staff).

K.  After entering his plea and motions, if any, the accused may present his defense.

L.  The Board may ask questions of the accused, his witnesses and/or his accuser. During the hearing, the accuser should only be present to testify. He shall never be present during deliberations.

M.  The Disciplinary Board shall carefully evaluate all evidence presented or stipulated.

N.  In situations where the Disciplinary Report is based on a single Confidential Informant, there must be other evidence to corroborate the violation. That evidence may include, but is not limited to, testimony from another Confidential Informant, the record (investigative report) or other evidence. Whenever information is provided by Confidential Informants, the informant must be certified as having provided reliable information in the past (and have legitimate knowledge of the present incident(s)). If requested, the accusing employee must be summoned to testify about the reliability and credibility of the Confidential Informant(s) when the Disciplinary Report is based solely on information from Confidential Informants.

All confidential information used in the disciplinary process shall be documented on the Confidential Informant Testimony and Certification (Form B-05-001-C).

O.  The Board will review the information presented during the deliberations.

**PAGE 10**

1)    During deliberations, everyone except the Board and any official observers must leave the room, and the Board will decide the case on the basis of the evidence presented at the hearing.

2)    Official observers must not take part in the hearing or the deliberations.

3)    The disciplinary record of the accused may be examined to discover a pattern of similar misbehavior or to determine if a pending suspended sanction exists.

4)    The disciplinary record may be used to determine the appropriate sanction(s) to be imposed.

5)    Both members of the Board must verbally discuss and render their verdict(s).

6)    The audio recording will continue throughout the deliberations.

P.    Following the deliberations, the Chairman will announce the verdict.

Q.    If the verdict is Guilty, the Chairman will then announce the sanction(s).

R.    It must be clearly articulated which sanction applies to each specific rule violation for which the offender was found guilty.

S.    The Board has full authority to suspend any sanction imposed for a period of up to 90 days.

## 5.    Correcting Disciplinary Reports

A.    A reviewing employee may change the rule violation number to fit the description prior to the hearing but should ensure that the accused gets a corrected copy of the report at least 24 hours before the hearing begins.  Rule violation number(s) may be added if the offense is clearly described on the report.

B.    Before the hearing begins, the Board may change the rule number to match the description of the alleged misbehavior, if necessary, and may also change the rule number at any point prior to the deliberations, but should offer the accused a continuance to prepare the defense.  It is the description of the conduct and not the rule number that determines the offense.

The continuance may be waived and does not necessarily need to be for 24 hours. (NOTE:  This information shall be voiced on the recorder for the record).

**PAGE 11**

**6.    Sanctions**

A.    Sanctions must fit the offense and the offender.  An offender with a poor conduct record may receive a more severe sanction than an offender with a good conduct record for the same offense.  Even so, serious offenses call for serious penalties.

B.    An offender who violates more than one rule or the same rule more than once during an incident may receive a permissible sanction for each violation.

C.    After a finding of guilt for a new violation, a previously suspended sanction may be imposed as well as a new sanction.

D.    State and federal criminal laws apply to offenders.  In addition to being sanctioned by prison authorities, offenders may also be prosecuted in state and federal court for criminal conduct.

E.    Restitution may be imposed in accordance with Department Regulation No. B-05-003 "Imposition of Restitution" and is not considered a disciplinary sanction and may be assessed in addition to any other permissible penalties.

F.    An offender who has established a documented pattern of behavior indicating that he is dangerous to himself or others is a habitual offender.  This includes an offender who has been convicted of three major violations or a total of five violations in a six month period.  Major violations are Schedule B offenses. A habitual offender may receive Schedule B penalties following a finding of guilt of a Schedule A offense when he has established a documented pattern of hostile or disruptive behavior as defined above.

G.    After a finding of guilt, the Disciplinary Officer may impose one or two of the penalties for each violation (Refer to Chapter 7 "Disciplinary Sanctions" for available penalties and additional information).

**PAGE 12**

**CHAPTER 4**

**APPEALS**

A request for review of a disciplinary decision must follow these procedures.

1.  **Appeals to the Disciplinary Board**

    A.  An offender may appeal a case heard by the Disciplinary Officer (Low Court) only to the Disciplinary Board (High Court).

    B.  As soon as the ruling is issued, the offender who wants to appeal must clearly say so to the Disciplinary Officer who will then automatically suspend the sanction and schedule the case for the Disciplinary Board.

    C.  The appeal hearing before the Disciplinary Board is a full hearing the same as any other hearing conducted by the Board. The Disciplinary Board cannot increase the sanction imposed by the Disciplinary Officer.

    D.  The appeal to the Disciplinary Board will be the final appeal in a case heard by the Disciplinary Officer. No other appeals are allowed. The appeal from the Disciplinary Officer to the Disciplinary Board will constitute the final administrative remedy regarding the disciplinary decision. Decisions rendered by the Disciplinary Officer and appealed to the Disciplinary Board may not be appealed to the Warden or to the Secretary.

2.  **Appeals to the Warden**

    A.  An offender may appeal a case heard by the Disciplinary Board (High Court). All appeal requests on High Court cases shall be to the Warden.

    B.  The offender may appeal himself or through Counsel or Counsel Substitute. In any case, the appeal must be received within 15 calendar days of the hearing.

    C.  The appeal should be clearly written or typed on the Appeal from the Disciplinary Board (Form B-05-001-D). Form B-05-001-D is available from the offender's classification officer. If the form is not available, the appeal may be on plain paper but should contain the information called for on the form.

    D.  The Warden will decide all appeals within 30 calendar days of the date of receipt of the appeal and the offender will be promptly notified in writing of the results (unless circumstances warrant an extension of that time period and the offender is notified accordingly).

**PAGE 13**

E.     Lengthy appeals of disciplinary actions will not be accepted into the appeals process. It is necessary for the offender to only provide basic factual information regarding his case. Lengthy appeals will be returned to the offender for summarization. The offender will have five calendar days from receipt to comply with the instructions and resubmit. It is important to remember that abuse of the system impairs the Department's ability to respond to legitimate problems in a timely fashion.

3.     **Appeals to the Secretary**

A.     An offender may appeal the decision of the Warden to the Secretary and must indicate that he is "not satisfied" in the appropriate box on the Appeal Decision (Form B-05-001-E). The document should then be submitted it to the disciplinary office or designated depository.

B.     The offender must submit the form within five calendar days of the date of the receipt of the Warden's decision. No supplement to the appeal will be considered.

C.     It is only necessary that the offender check the box indicating, "I am not satisfied," date, sign and forward the form to the appropriate person.

D.     An offender who does not file an appeal to the Warden in a timely manner shall relinquish his right to appeal to the Secretary.

E.     The offender will receive an acknowledgment of receipt and date forwarded to the Secretary's office.

F.     The institution will provide a copy of the offender's original appeal to be attached to the Appeal Decision (Form B-05-001-E) for submission to the Secretary. Form B-05-001-E is available from the offender's classification officer.

G.     The Secretary shall only consider appeals of sanctions from decisions of the Warden that resulted in an imposed or suspended sentence of one or more of the following penalties:

   1)     Forfeiture of good time;

   2)     A custody change from minimum to medium if it involves transfer to another institution;

   3)     A custody change to maximum;

   4)     Failure to earn incentive wages.

**PAGE 14**

H.  In addition, appeals regarding restitution assessments may be submitted to the Secretary. The appeal of such assessments must be submitted in accordance with procedures outlined in Department Regulation No. B-05-003 "Imposition of Restitution."

I.  The Secretary will decide all appeals within 85 days of the date of receipt of the appeal and the offender will be promptly notified in writing of the results (unless circumstances warrant an extension of that time period and the offender is notified accordingly). Absent unusual circumstances, the Secretary will only consider review of the sanction(s) imposed of an offender who pled guilty.

# CHAPTER 5

## OFFENDER RULES AND VIOLATION DESCRIPTIONS

| Rule # | Rule Name | Description |
|---|---|---|
| | | An offender found guilty of violating one or more of the rules defined below will be sanctioned according to the penalty schedule designated in the rule and the type of hearing provided. |
| 1 | Contraband (Schedule B) | No offender shall have under his immediate control any illicit drugs, any product that could be used to adulterate a urine sample, unauthorized medication, alcoholic beverage, yeast, tattoo machine, tattoo paraphernalia, syringe any type weapon, cellular phone or component hardware or other electronic communications device, whether operational or not, (including but not limited to beepers, pagers, subscriber identity module (SIM) cards, portable memory chips, batteries for these devices, chargers, global satellite system equipment), or any other item not permitted by Department Regulation or institutional posted policy to be received or possessed or any other item detrimental to the security of the facility. Money is contraband. Any item not being used for the purpose for which it was intended will be considered contraband if it is being used in a manner that is clearly detrimental to the security of the facility. Possession and/or use of lighted cigarettes or other smoking materials are deemed to be contraband in non-smoking areas. To smuggle or attempt to smuggle prohibited items into or out of the facility will be in violation of this rule.<br><br>The area of immediate control is an offender's person, his locker(s) or storage area, his cell, his room, his bed, his laundry bag, his hobby craft and his assigned job equipment (such as, but not limited to, his desk, his tool box, or his locker at the job) or the area under his bed on the floor unless the evidence clearly indicated that it belonged to another offender. Contraband found in a common area cell shared by two or more offenders will be presumed to belong to all of them equally.<br><br>Any offender who is tested and has a positive reading on a urinalysis or breathalyzer test will be considered in violation of this rule. An offender who refuses to be tested or to cooperate in testing, as well as an offender who alters his urine specimen, will also be found in violation of this rule (including being unable to provide a urine specimen within three hours of being ordered to do so).<br><br>Any sketch, painting, drawing or other pictorial rendering produced in whole or in part by a death row offender, unless authorized by the Warden of the institution is also considered in violation of this rule. |

| Rule # | Rule Name | Description |
|--------|-----------|-------------|
| 2 | Rescinded | |
| | | |
| 3 | Defiance (Schedule B) | No offender shall commit or threaten physically or verbally to commit bodily harm upon another person.  This includes throwing any object, water or any other liquid or substance, feces, urine, blood, saliva or any form of human waste or spitting or attempting to spit on another person.<br><br>No offender shall curse, insult or threaten another person in any manner.  This prohibited conduct includes abusive or insulting conversation, correspondence, phone calls or gestures by an offender.  Further, no offender shall obstruct, resist, distract or attempt to elude staff in the performance of their duties.  Nor shall an offender intimidate or attempt to intimidate staff to manipulate staff's actions.<br><br>This Rule does not prohibit an offender from advising staff of planned legal redress even during a confrontational situation (although an offender's behavior in such a situation shall not be disrespectful or violate any other disciplinary rule). |
| | | |
| 4 | Disobedience (Schedule A) | Offenders must obey the posted policies for the facility in which they are confined.  They must obey signs or other notices of restricted activities in certain areas, safety rules or other general instructions.  The only valid defense for Disobedience or Aggravated Disobedience is when the immediate result of obedience would be bodily injury. (This defense includes incapacity by virtue of a certified medical reason). |
| | | |
| 5 | Disobedience, Aggravated (Schedule B) | Offenders must obey direct verbal orders cooperatively and promptly and not debate, argue or ignore orders before obeying. The last order received must be obeyed when orders conflict.  Even orders the offender believes improper must be obeyed; grievances must be pursued through proper channels.  Sanctions imposed by the Disciplinary Officer or the Disciplinary Board are to be carried out by the offender.  Violations of duty status will apply to this rule as will a violation of an order from the Disciplinary Board.  The only valid defense for Disobedience or Aggravated Disobedience is when the immediate result of obedience would be bodily injury.  (This defense includes incapacity by virtue of a certified medical reason). |

**PAGE 17**

| Rule # | Rule Name | Description |
|---|---|---|
| 6 | **Disorderly Conduct (Schedule A)** | All boisterous behavior is forbidden. This includes, but is not limited to, horseplay, rowdy and/or unruly conduct, etc. Offenders shall not jump ahead or cut into lines at the canteen, recreational activities, dining/kitchen area or during group movements of offenders. Visitors and guests shall be treated courteously and not be subjected to disorderly or intrusive conduct. Offenders shall not communicate verbally into or out of cellblocks or other housing areas. |
| | | |
| 7 | **Disrespect (Schedule A)** | Employees, visitors, guests or their families shall not be subject to disrespectful conversation, correspondence, phone calls, actions or gestures. Offenders shall address employees, visitors, guests or their families by proper title or rank or by "Mr.," "Mrs." or "Miss" whichever is appropriate. |
| | | |
| 8 | **Escape or attempt to Escape (Schedule B)** | Note: All costs associated with an escape may be recovered in accordance with procedures outlined in Department Regulation No. B-05-003 "Imposition of Restitution."<br><br>A. Attempted Escape: The attempt to commit a simple or aggravated escape as defined herein.<br><br>B. Simple Escape: The intentional, unauthorized departure of an offender under circumstances in which human life was not endangered, including but not limited to: from the grounds of an institution, a designated area or place within an institution, the custody of a Corrections' employee while off the grounds of an institution or the custody of any law enforcement officer; the departure of a transitional work program offender from the designated area where he is legally confined; the failure of an offender participating in a transitional work program to report or return from his planned employment or other activity at the appointed time, or who leaves the job site or any other location where he is approved and expected to be for any reason without permission. This includes leaving without authorization from any penal and correctional facility, community rehabilitation center, transitional work program, hospital, clinic and any and all programs where offenders are legally assigned. |

**PAGE 18**

| Rule # | Rule Name | Description |
|---|---|---|
| 8 | **Escape or attempt to Escape (Schedule B) Continued** | C. Aggravated Escape:  The intentional, unauthorized departure of an offender under circumstances in which human life was endangered, including but not limited to:  from the grounds of an institution, a designated area or place within an institution, the custody of a Corrections' employee while off the grounds of an institution or the custody of any law enforcement officer; the departure of a transitional work program offender from the designated area where he is legally confined; the failure of an offender participating in a transitional work program to report or return from his planned employment or other activity at the appointed time, or who leaves the job site or any other location where he is approved and expected to be for any reason without permission.  This includes leaving without authorization from any penal and correctional facility, community rehabilitation center, transitional work program, hospital, clinic and any and all programs where offenders are legally assigned.  For the purpose of this rule, the commission of a crime while on escape status constitutes aggravated escape. |
| | | |
| 9 | **Deleted** | Refer to Rule No. 30 |
| | | |
| 10 | **Fighting (Schedule B)** | Hostile physical contact or attempted physical contact is not permitted. This includes fist fighting, shoving, wrestling, kicking and other such behavior.  Contact does not necessarily have to be made for this rule to be violated.<br><br>Self-Defense Clarification: Self-defense is a complete defense and can be established to the Board by one demonstrating that his actions did not exceed those necessary to protect him from injury. |
| | | |
| 11 | **Fighting, Aggravated (Schedule B)** | Offenders shall not fight with each other using any object as a weapon (including any liquid or solid substances thrown or otherwise projected on or at another person).  When two or more offenders attack another offender without using weapons, the attackers are in violation of this rule, as are all participants in a group or "gang" fight.  The use of teeth will also be sufficient to constitute a violation of this rule.  No offender shall intentionally inflict serious injury or death upon another offender.  Contact does not necessarily have to be made for this rule to be violated.<br><br>Self-Defense Clarification:  (Refer to clarification under Rule No. 10). |

**PAGE 19**

| Rule # | Rule Name | Description |
|---|---|---|
| 12 | Gambling (Schedule B) | No offender shall operate or participate in any game of chance involving bets or wagers or goods or other valuables.  Possession of one or more gambling tickets or stubs for football or any other sport is a violation.  No offender shall operate a book-making scheme.  Possession of gambling sheets with a list of names or codes, point spreads, how much owed or how much wagered will be considered a violation. |
| 13 | Rescinded | |
| 14 | Intoxication (Schedule B) | No offender shall be under the influence of any intoxicating substance while in physical custody.  Evidence of intoxication may include, but is not limited to, redness in eyes, slurred speech, odor of alcohol, elation, unsteady gait, boisterous behavior, being amused for no apparent reason, hysteria, being in a stupor, daze or trance, etc. |
| 15 | Malingering (Schedule B) | A.    A qualified medical staff person determines that an offender has made repeated and frequent complaints at sick call having little or no clinical significance; or<br><br>B.    A qualified medical staff person (as defined by the institution's designated  Health Authority) determines that an offender has sought emergency medical treatment, not during scheduled sick call, when there was no ailment or  when there was a minor ailment that was or could have been properly handled at sick call. |
| 16 | Rescinded | |
| 17 | Property Destruction (Schedule B) | No offender shall destroy the property of others or of the state.  No offender shall alter his own property when the result of such alteration is to render the article unsuitable according to property guidelines.  Flooding an area and the shaking of doors ("racking down") are not permitted.  Standing or sitting on face bowls is a violation.  Whether or not the offender intended to destroy the property and/or the degree of negligence involved may be utilized in defense of the charge. |

| Rule # | Rule Name | Description |
|---|---|---|
| 18 | Radio/Tape, CD or Electronic Media Player Abuse (Schedule A) | Radios/tape players, CD players or electronic media players must be used in accordance with the posted policies of the facility. Violations of posted policies regarding radios/tape players, CD players or electronic media players may be processed under this rule. In addition to any sanction that may be imposed by the Disciplinary Officer/Disciplinary Board, the ranking employee on duty may confiscate the radio/tape player, CD player or electronic media player for a period of up to 30 days. |
| 19 | Self-Mutilation (Schedule B) | No offender shall deliberately inflict or attempt to inflict injury upon himself or upon a consenting offender or consent to have an injury inflicted upon him. Tattoos, piercing of any parts of the body, and alterations to teeth are specifically included in this rule. Not included are obvious suicide attempts. |
| 20 | Deleted | Refer to Rule No. 21 |
| 21 | Sex Offenses, Aggravated (Schedule B) | Nonconsensual and/or consensual sexual acts involving offender-on-offender, offender-on-staff or non-incarcerated person is strictly prohibited. Contact by any offender of any person without the person's consent or of a person who is unable to consent or refuse through coercion is strictly prohibited. (There is no consensual sex in a custodial or supervisory relationship.) The following sexual behaviors are prohibited and the provisions of Department Regulation No. C-01-022 "Prison Rape Elimination Act" shall be followed for all allegations of a violation of Subparts A., B., C., D. and H.:<br><br>A. Nonconsensual Sexual Act (offender-on-offender): Contact between the penis and the vagina and the anus including penetration, however slight; contact between the mouth and the penis, vagina, anus, groin, breast, inner thigh or buttocks; penetration of the anal and/or genital opening of another offender by a hand, finger or other object. No offender shall sexually harass another offender by force or threat of force.<br><br>B. Abusive Sexual Contact (offender-on-offender): Contact such as, but not limited to, intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, buttocks and/or mouth of any person. No offender shall sexually assault another offender by force or threat of force. |

**PAGE 21**

| Rule # | Rule Name | Description |
|--------|-----------|-------------|
| 21 | **Sex Offenses, Aggravated (Schedule B) Continued** | C.   Sexual Misconduct (offender-on-offender):  Contact or attempted contact between the penis and the vagina or the penis and the anus including penetration or attempted penetration, however slight; contact or attempted contact between the mouth and the penis, vagina or anus; penetration or attempted penetration of the anal or genital opening of another offender by a  hand, finger or other object; carnal copulation by two or more offenders with each other, or by one or more offenders with an implement or  animal(s); two or more offenders who have obviously been interrupted  immediately before or after carnal copulation.  Use of the genital organs of one of the offenders is sufficient to constitute the offense.  Offenders may not participate in any sexual activity with each other.<br><br>D. Sexual Misconduct (offender-on-staff or non-incarcerated person):  Contact  or attempted contact between the penis and the vagina or the penis and the anus  including penetration or attempted penetration, however slight; contact  or attempted contact of the mouth and the penis, vagina or anus;  penetration or attempted penetration of the anal or genital opening of another person by a hand, finger or other object; two or more persons who have obviously been interrupted immediately before or after carnal copulation.  Offenders may not participate in any sexual activity with staff or non-incarcerated persons.<br><br>E.   Obscenity:  No offender shall deliberately expose the genital organs and/or  masturbate in view of staff or non-incarcerated persons.<br><br>F.   Other Prohibited Sexual Behavior (offender-on-offender, offender-on-staff or non-incarcerated person):   No offender shall: make sexual remarks, gestures or sounds; flirt; exchange personal items, etc. or make sexual threats in conversation by correspondence or telephone.<br><br>G.   Overt display of affection in a manner that may elicit sexual arousal with anyone is prohibited.<br><br>H.    There can be no consensual sex between an employee and an offender.  Failure to report any improper advances made by an employee on an offender may result in a violation of this rule. |

**PAGE 22**

| Rule # | Rule Name | Description |
|--------|-----------|-------------|
| 22 | Theft (Schedule B) | No offender shall steal from anyone.  Forgery, which is a form of theft, is the unauthorized altering or signing of a document(s) to secure material return and/or special favors or considerations.  (The very act of the forgery will constitute proof of the crime.  It need not have been successful in its conclusion).<br><br>Fraud or the deliberate misrepresentation of fact to secure material return and/or special favors or considerations is also a form of theft.<br><br>An offender who knowingly submits obviously false information to any employee within the Department of Public Safety and Corrections is guilty of this violation.<br><br>No offender shall have stolen items under his immediate control.  No offender shall have institutional property under his immediate control unless he has specific permission; this includes institutional foodstuffs. (Refer to Rule No. 1. for the definition of "area of immediate control"). |
| 23 | Rescinded | |
| 24 | Unauthorized Area (Schedule B) | An offender must be in the area in which he is authorized to be at that particular time and date, or he is in an unauthorized area. No offender shall go into any housing unit other than that to which he is assigned (this includes standing in the doorway) unless he has permission. |
| 25 | Deleted | Refer to Rule No. 22 |
| 26 | Unsanitary Practices (Schedule A) | Offenders must not spit or drop litter or cigarette butts anywhere but into a proper receptacle.  Offenders must maintain themselves, their clothing and their shoes in as presentable a condition as possible under prevailing circumstances. Each offender is responsible for keeping his bed and bed area reasonably clean, neat and sanitary.  Beds will be made according to the approved posted policy at the facility.  Offenders must wear shoes/boots and cannot wear shirts that leave the armpits exposed or shorts into the kitchen/dining area.  Chewing gum in the kitchen/dining area is prohibited. |

**PAGE 23**

| Rule # | Rule Name | Description |
|---|---|---|
| 27 | **Work Offenses (Schedule A)** | Offenders must perform their assigned tasks with reasonable speed and efficiency. Though offenders have specific job assignments, it may be required that they do work other than what their job assignments require. This work shall also be done cooperatively and with reasonable speed and efficiency. Being present, but not answering at the proper time at work roll call is a violation. (A school assignment is considered to be a work assignment for the purposes of this rule). |
| 28 | **Work Offenses, Aggravated (Schedule B)** | An offender who flatly refuses to work or to go out to work or who asks to go to Administrative Segregation rather than work is in violation of this rule, as is an offender who disobeys repeated instructions as to how to perform his work assignment. Hiding out from work or leaving the work area without permission is a violation. Falling far short of fulfilling reasonable work quotas is not permitted. Being absent or late for work roll call without a valid excuse (such as No Duty or callout) is a violation, as is not reporting for Extra Duty assignment. Being late to work or to school assignment is a violation. (A school assignment is considered to be a work assignment for the purposes of this rule). |
| 29 | **Disturbance (Schedule B)** | No offender shall create or participate in a disturbance. No offender shall incite any other person to create or participate in a disturbance. A disturbance is defined as two or more offenders involving acts of force or violence toward persons or property or acts of resistance to the lawful authority of Correctional Officers and/or other law enforcement officers under circumstances which present a threat of injury to persons, to property, or to the security and good order of the institution. |
| 30 | **General Prohibited Behaviors (Schedule B)** | The following behaviors, which may impair or threaten the security or stability of the unit or wellbeing of an employee, visitor, guest, offender or their families are prohibited:<br><br>A.  Strong-arming or using threats of violence or perceived harm or reprisal to secure gain or favor for oneself or others;<br><br>B.  Directly or indirectly threatening to harm oneself (except obvious suicide attempts);<br><br>C. Threatening, planning, conspiring or attempting to commit a violation of the rules of behavior for adult offenders or state and federal laws; aiding or abetting another offender involved in committing a violation of the rules or state and federal laws; |

**PAGE 24**

| Rule # | Rule Name | Description |
|--------|-----------|-------------|
| 30 | **General Prohibited Behaviors (Schedule B) Continued** | D.  Engaging in or making an attempt to engage in a non-professional relationship with an employee, visitor, guest, their families or other person the offender may come in contact with while incarcerated;<br><br>E.  Trafficking in drugs or alcohol, stolen goods or sexual favors;<br><br>F.  Organizing or participating in a scam or similar behavior;<br><br>G.  Making unsolicited contact or attempted contact with the victims of the offender's criminal activity or any immediate family member of the victim;<br><br>H.  Bribing, influencing or coercing anyone to violate institutional policies procedures, rules, or state and federal laws or to attempt to do so;<br><br>I.  Giving an employee anything of any value;<br><br>J.  Harassing behaviors conducted via telephone, correspondence or during other activities;<br><br>K.  The communication of statements or information known to be malicious, frivolous, false, and/or inflammatory, the purpose of which is reasonably intended to harm, embarrass, or intimidate an employee, visitor, guest, offender or their families may be subject to all Schedule B penalties except for forfeiture of good time and/or loss of incentive wages; (This rule shall not apply to information and/or statements communicated for the express purpose of obtaining legal assistance);<br><br>L.  Using telephones, computers and/or office equipment without approval;<br><br>M.  Purchasing or trading for offender legal or other services. Performing legal work for another offender or being in possession of another offender's legal work when not assigned as a Counsel Substitute or when not approved by the Warden. (It is a violation for any offender to give or receive anything of value relative to the provision of paralegal services).  An offender may not perform or be in possession of staff legal work; |

**PAGE 25**

| Rule # | Rule Name | Description |
|---|---|---|
| 30 | General Prohibited Behaviors (Schedule B) Continued | N.   Communicating or visiting with outsiders when not approved or communicating or visiting with any person after being given instructions not to communicate or visit with that person;<br><br>O.   Participating in a loud or boisterous argument or dispute even when a fight does not ensue;<br><br>P.   Participant in, organizing or advocating a work stoppage;<br><br>Q.   Making or attempting to make credit purchases;<br><br>R.   Abusing the Administrative Remedy Procedure;<br><br>S.   Belonging to a gang, advocating membership in a gang, or participating in any gang related activities, including any form of gang or group identification or signaling;<br><br>T.   Misrepresenting oneself to an employee, visitor, guest or the public;<br><br>U.  Starting, causing, assisting in the creation of any fire, heat or spark of any nature by any means or methods, or attempting to start a fire and/or attempting to heat substances utilizing electrical/mechanical devices or any other means, other than in the performance of an approved work assignment;<br><br>V.  Failing to cooperate with an investigation;<br><br>W.   Any behavior not specifically enumerated herein that may impair or threaten the security or stability of the unit or well-being of an employee, visitor, guest, offender or their families may still be the subject of a Disciplinary Report  and all Schedule B penalties except for forfeiture of good time and/or loss of incentive wages;<br><br>X.   Establishing and/or maintaining an account, or having an account established and/or maintained on any Internet-based social networking website, as well as accessing an unauthorized Internet or Intranet website. |

**PAGE 26**

# CHAPTER 6

## OFFENDER RIGHTS AND RESPONSIBILITIES

1.   The right to be given a written copy of the Disciplinary Report (Form B-05-001-A) at least 24 hours before the hearing begins which describes the contents of the charges against the offender (unless waived by him in writing).

2.   The right to a hearing within 72 hours of placement in Administrative Segregation.

     Note:  See Chapter 3 "Disciplinary Hearings and Sanctions," Section 3.C. for specific instructions regarding the "72 Hour Rule."

3.   The right to Counsel Substitute for all alleged violations and the right to outside retained Counsel, if the alleged violation is one for which the offender could also be charged in a criminal court, e.g. possession of illegal drugs, rape or aggravated battery, etc.

4.   The right to not be compelled to incriminate himself.

5.   The right to present evidence and witnesses on his behalf and to request cross-examination of the accuser provided such request is relevant, not repetitious, not unduly burdensome to the institution and/or not unduly hazardous to staff or offender safety.  (The Board has the option of stipulating expected testimony from witnesses.  In such cases, the record of the hearing shall contain a statement indicating the nature of the stipulated testimony.  The Board should assign proper weight to such testimony as though the witness had actually appeared). The accusing employee must be summoned when the report is based solely on information from Confidential Informants, if such a motion is raised.

6.   The right to an unbiased hearing.  Any Chairman or Member directly involved in the incident, who is biased for or against the accused or who is in a therapeutic relationship with the offender that would be jeopardized by the therapist's presence on the Disciplinary Board, cannot hear the case unless the accused waives recusal in writing or verbally on the record. Performance of a routine administrative duty does not necessarily constitute "direct involvement" or "bias."

7.   The right to enter a separate plea to each rule violation for which he is charged.

8.   The right to a written summary of the evidence and reasons for the judgment, including reasons for the sanction imposed, when the accused entered a plea of "Not Guilty" and was found "Guilty" by the Disciplinary Board.  (This will usually appear on the finalized report). The convicted offender shall be given or sent a written summary.

9.   The right to appeal the decision consistent with the appropriate appeal procedure.

**PAGE 27**

# CHAPTER 7

## DISCIPLINARY SANCTIONS

### Penalty Schedule

After a finding of guilt, the Disciplinary Officer (Low Court) or the Disciplinary Board (High Court) may impose one or two of the penalties below for each violation

**Suspended Sentences:** The Disciplinary Officer or the Disciplinary Board may suspend any sanction either imposes for a period of up to 90 days. The period of suspension begins on the date of the issuance of the ruling. When the time period has expired, the report itself remains a part of the record, although the sanction may no longer be imposed.

| Penalty Schedule - Low Court | Description of Time/Clarifications |
|---|---|
| Reprimand | N/A |
| Extra Duty | Up to 4 days for each violation |
| Loss of Radio/Tape, or CD or Electronic Media Player and/or TV | Up to 2 weeks |
| Loss of recreation and yard activities | Up to 2 weeks (If the offender is housed in Disciplinary Detention or Disciplinary Detention/Extended Lockdown, the offender must be allowed a 24-hour break with access to recreation and/or yard activities after ten consecutive days in Disciplinary Detention or Disciplinary Detention/Extended Lockdown before any subsequent imposition of this penalty). |
| Telephone | Up to 2 weeks (When given this penalty, will not include loss of telephone privileges in emergencies or for legal calls). |
| Movies | Up to 2 weeks |
| Canteen | Up to 2 weeks |
| Loss of any similar minor privilege | Up to 2 weeks |

**PAGE 28**

| Penalty Schedule (High Court) - Schedule A | Description of Time/Clarifications |
|---|---|
| Reprimand | N/A |
| Loss of Minor Privilege | Up to four weeks |
| Extra Duty | Up to four days for each violation |
| Disciplinary Detention | Up to five days for each violation |
| Forfeiture of Good Time | Up to a maximum of 15 days for each violation (An offender is presumed to have earned his good time on the date of sentencing and may forfeit such good time at any point thereafter). |
| Quarters change | N/A |
| Job Change | N/A |
| Confinement to dormitory, room or cell | Up to 14 days   (This does not exclude participation in work, meals, medical or other essential call-outs). |
| Failure to earn incentive wages | Up to three months  (Any offender who has his incentive pay forfeited as a disciplinary sanction shall return to the introductory pay level for a six month period upon reinstatement of his right to earn incentive pay.  At the end of the six month period, the offender's pay will be automatically adjusted to the lowest pay rate for the assigned job. (See Department Regulation No. B-09-001 "Offender Incentive Pay and Other Wage Compensation" for additional information). |

| Penalty Schedule (High Court) - Schedule B | Description of Time/Clarifications |
|---|---|
| Reprimand | N/A |
| Loss of Minor Privilege (See Penalty Schedule - Low Court) | Up to 12 weeks, unless violation involved abuse of that privilege, then up to 24 weeks |
| Confinement to dormitory, room or cell | Up to 30 days (This does not exclude participation in work, meals, medical or other essential call-outs). |
| Extra Duty | Up to eight days for each violation |
| Disciplinary Detention | Up to ten days for each violation |
| Forfeiture of Good Time<br><br>(An offender is presumed to have earned his good time on the date of sentencing and may forfeit such good time at any point thereafter). | Escape (simple or aggravated): Up to a maximum of all good time earned on that portion of the sentence served prior to the escape<br><br>Attempted escape (simple or aggravated): Up to a maximum of 180 days for each violation<br><br>Battery of an Officer: Up to 180 days for each violation<br><br>Physical possession of illegal drugs or a weapon: Up to 180 days for each violation<br><br>All other Schedule B violations: Up to a maximum of 90 days for each violation |
| Quarters change | N/A |
| Job change | N/A |
| Failure to earn incentive wages | Up to one year<br><br>(Any offender who has his incentive pay forfeited as a disciplinary sanction shall return to the introductory pay level for a six month period upon reinstatement of his right to earn incentive pay. At the end of the six month period, the offender's pay will be automatically adjusted to the lowest pay rate for the assigned job. (See Department Regulation No. B-09-001 "Offender Incentive Pay and Other Wage Compensation" for additional information). |

**PAGE 30**

| Penalty Schedule (High Court) - Schedule B Continued | Description of Time/Clarifications |
|---|---|
| Loss of Hobby craft | Up to 12 months<br><br>This penalty is at the discretion of the Warden or designee, based upon the length of the sanction, this penalty may include loss of the hobby craft box assignment--in such cases, the offender would not be eligible to apply for resumption of this privilege until after the sanction has been served.<br><br>Loss of hobby craft privileges that result from custody status changes, classification actions, housing or institutional assignment changes, other changes that may routinely occur during the course of incarceration or the imposition of other disciplinary penalties are not to be considered as a "Loss of Hobby Craft" sanction in the context of the disciplinary process. |
| Custody change from minimum to medium custody status | Imposition of this sanction may include transfer to another institution.<br><br>Any change of quarters, job change or other changes that may result from imposition of this sanction are not a separate penalty for purposes of this section unless expressly indicated as a sanction. |
| Custody change from minimum or medium custody status to maximum custody status (Working Cellblock or Disciplinary Detention/ Extended Lockdown). | Imposition of this sanction may include transfer to another institution.<br><br>Any change of quarters, job change or other changes that may result from imposition of this sanction are not a separate penalty for purposes of this section unless expressly indicated as a sanction. When expressly indicated as a sanction, review of the assignment will be in accordance with Department Regulation No. B-02-019 "Custody Levels." |

**PAGE 31**

| Penalty Schedule (High Court) - Schedule B Continued | Description of Time/Clarifications |
|---|---|
| Loss of visiting privileges | If the violation involves visiting, to be reviewed by the Warden or designee every 90 days.<br><br>(Department Regulation No. C-02-008 "Offender Visitation" governs restrictions relative to non-contact versus contact visiting and is not considered a disciplinary penalty). |