# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GLYNN HAWKINS (#606437)**                                    **CIVIL ACTION**

**VERSUS**

                                                                          **19-808-JWD-RLB**

**LUKE RHEAMS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 17, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

GLYNN HAWKINS (#606437)                                    CIVIL ACTION

VERSUS

                                                          19-808-JWD-RLB

LUKE RHEAMS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendants Luke Rheams and David Voorhies (R. Doc. 17). The Motion is opposed. *See* R. Doc. 20.

*Pro se* plaintiff, an inmate currently confined at the Louisiana State Penitentiary ("LSP"), filed this action pursuant to 42 U.S.C. § 1983 against Luke Rheams and David Voorhies complaining that his constitutional rights were violated due to the use of excessive force. He seeks monetary, declaratory, and injunctive relief.

Defendants move for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, the affidavits of David Voorhies, Luke Rheams, and William Rosso, certified copies of an Investigative Services Report, excerpts of the plaintiff's medical records, the Disciplinary Rules for Adult Offenders, the plaintiff's disciplinary reports, and two videos. The plaintiff opposes the motion relying upon the pleadings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v.*

*Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on February 1, 2019 he was ordered by Major Jones to submit to a search for contraband. The plaintiff refused and attempted to flee when he was stopped by Major Jones. A confrontation ensued before the plaintiff broke away and ran to discard contraband marijuana. The plaintiff was then handcuffed behind his back by Lt. Womack.

Defendants Rheams and Voorhies, along with Major Jones, arrived shortly after and Major Jones informed the defendants that the plaintiff had kicked him in the head and ran.

Defendant Rheams grabbed the plaintiff by one arm while defendant Voorhies grabbed the plaintiff's other arm. The defendants lifted the plaintiff's arms upwards causing him to scream out in pain. The plaintiff was then marched to cellblock D while the defendants continued to use the painful hold.

The plaintiff was placed in a shower cell in administrative segregation. The plaintiff was ordered to come to the cell bars and the handcuffs were removed by defendant Rheams. After obtaining leg shackles and a jumpsuit, the defendants entered the shower cell. The plaintiff was strip searched, and after putting on a jumpsuit was ordered to face the wall so he could be restrained. The plaintiff complied and defendant Voorhies handcuffed the plaintiff behind his back while defendant Rheams placed the leg shackles around the plaintiff's ankles.

Defendant Rheams jerked the leg shackles, pulling the plaintiff's feet from under him, and causing him to fall forward and hit his face on the wall which resulted in a gash over the plaintiff's left eye. The plaintiff was then escorted to the prison hospital by the defendants using the same painful hold as earlier. Five stitches were used to close the gash over the plaintiff's eye.

In response to the plaintiff's allegations, defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established

is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted. A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

The competent summary judgment evidence submitted by the defendants shows that, on February 1, 2019, after the plaintiff was initially handcuffed, defendant Voorhies was attempting to escort the plaintiff to administrative segregation but the plaintiff was causing a disturbance. Defendant Rheams arrived to assist and gave the plaintiff several orders to stop causing a disturbance which the plaintiff refused. Videos of the plaintiff show that he does appear to be in pain due to the hold employed by defendant Rheams but also show the plaintiff leaning over and refusing to walk voluntarily.

Later, when defendant Rheams was placing the leg shackles, the plaintiff was ordered to raise his right leg. The plaintiff complied, but as defendant Rheams placed the shackle around the plaintiff's ankle the plaintiff jerked his foot away. It appeared to defendant Rheams that the plaintiff was attempting to turn around; therefore, defendant Rheams grabbed the plaintiff's right foot to prevent him from turning and endangering himself or others in the confined space. As defendant Rheams grabbed the plaintiff's foot the plaintiff fell to the ground. Defendant Rheams continued to restrain the plaintiff and then assisted him off the ground. At this time, defendant Rheams noticed a laceration over the plaintiff's left eye and escorted the plaintiff to the medical center for treatment. *See* R. Docs. 17-4 – 17-8. As such, the record shows that only the minimal amount of force necessary to bring the plaintiff into compliance was utilized while escorting the plaintiff to and while inside the shower cell.

In opposition to the Motion for Summary Judgment, the plaintiff relies upon the pleadings. However, the plaintiff must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and

unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In the instant matter, the plaintiff's Complaint is unverified, and thus it is not competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's Complaint contains no such averral, nor does his opposition.  As such, defendants are entitled to summary judgment as a matter of law. For the same reason the plaintiff's Motion to Amend (R. Doc. 23), wherein the plaintiff seeks to add additional defendants who witnessed the events at issue, should be denied as futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872– 73 (5th Cir. 2000) (It is within the Court's discretion to deny a motion to amend if it is futile.)

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. ' 1367. In the instant case, having recommended dismissal of the plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims and deny the plaintiff's Motion to Amend (R. Doc. 23). It is further recommended that the defendants' Motion for Summary Judgment (R. Doc. 17), be granted and the plaintiff's claims be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on March 17, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**